OPINION
{¶ 1} Appellant, father, Walter Clay, appeals from the March 7, 2002, Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, terminating his parental rights and granting permanent custody of the minor child to the Stark County Department of Job and Family Services.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 26, 1999, the Stark County Department of Job and Family Services filed a complaint alleging the minor child, Bryce Clay (D.O.B. 7-18-97) was dependent, neglected and abused and seeking temporary custody.
 {¶ 3} On November 1, 1999, the children were found to be neglected and temporary custody was granted to SCDJFS
 {¶ 4} On September 25, 2001, the SCDJFS filed a Motion for Permanent Custody of Bryce Clay.
 {¶ 5} On February 21, 2001, the father, Walter Clay, stipulated, in writing, to the permanent custody of the minor child to SCDJFS.
 {¶ 6} On March 7, 2001, the trial court terminated the parental rights of Walter Clay and Marsha Jackson, the mother of Bryce Clay, and granted permanent custody of the minor children to SCDJFS.
 {¶ 7} It is from this decision which Appellant appeals, assigning the following sole error for review:
ASSIGNMENT OF ERROR
 {¶ 8} "APPELLANT'S STIPULATION PERMANENT CUSTODY FAILED TO COMPLY WITH JUVENILE RULE 29(D) AND WAS IN VIOLATION OF HIS DUE PROCESS RIGHTS AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION."
 {¶ 9} Appellant argues that his stipulation to permanent custody failed to comply with Juv. R. 29 and violated his due process rights. We disagree.
 {¶ 10} Juvenile Rule 29 provides, in pertinent part:
 {¶ 11} "(D) Initial procedure upon entry of an admission
 {¶ 12} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 13} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission.
 {¶ 14} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing. * * *"
 {¶ 15} In the case sub judice, Appellant was represented by counsel at the permanent custody proceedings, who indicated that he had reviewed the Juv. R. 29 stipulation form and signed same "understanding that this is a difficult decision" and that appellant was stipulating because "he believes at least at this point this is what's best for his son." (T. at 27). The stipulation form contains a blank before each one of the rights and advisements or warnings. Contained within each blank is Appellant's initials which he placed there to instruct the court that he had been advised of same and that such stipulation was voluntarily made.
 {¶ 16} The transcript reflects that the trial court, on the record, reviewed Appellant's rights and options with him before accepting the stipulation. Each time, when asked if he understood his rights and options, Appellant responded "Yes, I do." (T. at 27-32).
 {¶ 17} The record also provides that Appellant-Father stated on the record that he understood what he was doing, that he was aware of his options and was further aware that he would no longer be the legal parent of his child. (T. at 27-32).
 {¶ 18} Based on the above, and the entire record, we find that appellant-father's due process rights were protected and that no violation of same occurred.
 {¶ 19} Appellant's sole assignment of error is overruled.
 {¶ 20} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: Boggins, J., Hoffman, P.J. and Gwin, J. concur.
Topic: Permanent Custody